UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALVAH HAGER and KATHY HAGER,<br><br>                    Plaintiff,<br><br>        v.<br><br>HUNTERS WATER DISTRICT, MICHAEL SCHWARTZ, ROBERT BUDWEG and RONALD BIRCHER,<br><br>                    Defendants. | NO:  13-CV-0298-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 12). This matter was submitted for consideration without oral argument.[1]  The Court has reviewed the briefing and the record and files herein, and is fully informed.

---

[1] Pursuant to L.R. 7.1(h)(3)(B)(iii), the Court finds that oral argument would not materially assist it in reaching a decision.  Plaintiffs' motion for oral argument (ECF No. 19) and motion to expedite (ECF No. 20) are denied.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

1

BACKGROUND

2

Plaintiffs seek damages under 42 U.S.C. § 1983 for alleged violations of

3

their rights to due process and equal protection under the Fifth and Fourteenth

4

Amendments arising from Defendants' termination of water service to their

5

residence in Hunters, Washington.  In the instant motion, Defendants move to

6

dismiss Plaintiffs' claim as precluded under the doctrine of res judicata by the

7

dismissal of an earlier state court action in which Plaintiffs sought an injunction

8

requiring Defendants to restore their water service.  For the reasons discussed

9

below, the Court will grant the motion.

10

FACTS[2]

11

Plaintiffs Alvah and Kathryn Hager live on a 28-acre parcel of land in

12

Hunters, Washington.  Water service to the property is provided by Defendant

13

Hunters Water District ("HWD").  In August 2012, the Hagers became embroiled

14

in a property line dispute with HWD and its Commissioners, Defendants Michael

15

Schwartz, Robert Budweg and Ronald Bircher (the "Commissioners").  The crux

16

17

18

19

20

---

[2] The following facts are drawn from Plaintiffs' Complaint and the materials referenced therein, and are accepted as true for purposes of this motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

1  of this dispute was whether the Plaintiffs and other third-party landowners had

2  encroached on land and easements owned by HWD.

3      Shortly after the dispute came to a head, Plaintiffs received a letter from

4  HWD advising them of a "backflow / cross connection problem"[3] with the water

5  service on their property.  The letter directed Plaintiffs to "work with [Defendant]

6  Ron Bircher" to install a backflow prevention device within 30 days.  The letter

7  further stated that Defendant Bircher would be responsible for selecting the type of

8  device and installation location, as well as for approving the temporary operation

9  of the device once it had been installed.  Finally, the letter informed Plaintiffs that

10  their water service would be terminated if a backflow prevention device had not

11  been installed and temporarily approved by Defendant Bircher within 30 days.

12  ECF No. 16-1, Exhibit D.

13

14

15  [3] "Backflow" is the undesirable reversal of flow of water or other substances

16  through a cross-connection into the public water system or consumer's potable

17  water system.  WAC 246-290-010(19).  A "cross-connection" is any actual or

18  potential physical connection between a public water system or the consumer's

19  water system and any source of nonpotable liquid, solid, or gas that could

20  contaminate the potable water supply by backflow.  WAC 246-290-010(62).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

1    Upon contacting the HWD, Plaintiffs were directed to install a particular

2  type of backflow prevention device known as a double check valve assembly

3  ("DCVA"), which is designed for low to moderate backflow risk applications.

4  Plaintiffs moved forward with plans to install a DCVA.  Before long, however,

5  Plaintiffs came to believe that HWD's selection of a DCVA did not comport with

6  Washington Department of Health regulations in that HWD had not involved a

7  cross-connection control specialist ("CSS") in the decision-making process.[4]

8    At their own expense, Plaintiffs hired a CSS to determine whether a DCVA

9  was appropriate for their application.  The CSS concluded that a DCVA would not

10  adequately protect the public water system due the fact that Plaintiffs maintained

11  livestock on their property.  The CSS advised Plaintiffs to install a different device

12  known as a reduced pressure backflow assembly ("RPBA"), which is designed for

13  higher backflow risk applications.  The CSS also advised that, for logistical

14  reasons, the device would need to be installed in a location different from the

15  location previously selected by the HWD.  Plaintiffs notified HWD of the CSS's

16  findings and moved forward with the installation of a RPBA in the location

17  _____

18  [4] *See* WAC 246-290-490(4)(a) (requiring the operator of a public water system to

19  "ensure that a CSS" assesses the degree of backflow hazard posed by a consumer's

20  water system and determines the appropriate method of backflow prevention).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

1  selected by the CSS.  The RPBA was installed on October 13, 2012, and passed an

2  inspection by a certified inspector.

3         Four days later, Plaintiffs received a letter from the HWD stating that the

4  device did not provide sufficient backflow protection because it had been installed

5  too far away from the location previously chosen by HWD.  The HWD terminated

6  Plaintiffs' water service the next day.  Without a source of water, Plaintiffs were

7  forced to vacate the property and move their livestock to an alternate location.

8         On November 20, 2012, Plaintiffs sued HWD and its Commissioners in

9  Stevens County Superior Court.  Their complaint alleged that they had suffered

10  substantial and irreparable harm as a result of "HWD's malicious, arbitrary and

11  capricious actions."  ECF No. 12-1 at ¶ 73.  Plaintiffs prayed for the following

12  relief:

13         Entry of a temporary restraining order and permanent injunction that:

14         (i)    Enjoins the Defendants from engaging in arbitrary,
                 capricious and malicious actions that violate the Plaintiffs
15               [sic] constitutional rights to due process;

16         (ii)   Requires the Defendants to immediately restore water
                 service to the Plaintiffs pending a determination from a CSS
17               regarding the Plaintiffs [sic] compliance with state cross-
                 connection regulations;

18
           (iii)  Enjoins the Defendants from turning off the Plaintiffs [sic]
19                water without a determination from a CSS that the location
                  and type of the Plaintiffs [sic] Backflow Preventer device is
20                not in compliance with state cross-connection regulations;
                  and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

     (iv)   Prohibits the Defendants from turning off the Plaintiffs' water service again without granting the Plaintiffs adequate opportunity to remedy any non-compliance with state cross-connection regulations, as determined by a CSS.

ECF No. 12-1 at 15-16. The Superior Court entered a temporary restraining order the following day requiring HWD to restore Plaintiffs' water service pending a preliminary injunction hearing. ECF No. 23-1. The parties subsequently settled their dispute prior to the scheduled hearing and stipulated to dismissal of the case. The Superior Court dismissed the case with prejudice on December 11, 2012. ECF No. 12-4.

     Plaintiffs filed the instant lawsuit on August 9, 2013, once again naming HWD and its Commissioners as defendants. ECF No. 1. Their complaint recites substantially the same facts alleged in the Superior Court action, but prays for damages under 42 U.S.C. § 1983. In support of this claim, Plaintiffs allege that Defendants "deprived Plaintiffs of their due process and equal protection rights under the [Fifth] and [Fourteenth] [A]mendments by terminating water service to the Plaintiffs' residence and property with deliberate disregard for the applicable rules and policies regarding termination." ECF No. 1 at ¶ 4.1.

     At issue in the instant motion is whether Plaintiffs' § 1983 claim is barred under the doctrine of res judicata (claim preclusion) as a result of their failure to

1    raise it in conjunction with their claim for injunctive relief in the prior Superior

2    Court action.

3                                                   DISCUSSION

4          A motion to dismiss for failure to state a claim tests the legal sufficiency of

5    the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To

6    withstand dismissal, a complaint must contain "enough facts to state a claim to

7    relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

8    (2007).  "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s]

9    of the elements of a cause of action will not do."  *Id.* at 555, 557.  "A claim has

10   facial plausibility when the plaintiff pleads factual content that allows the court to

11   draw the reasonable inference that the defendant is liable for the misconduct

12   alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a plaintiff need not

13   establish a probability of success on the merits, he or she must demonstrate "more

14   than a sheer possibility that a defendant has acted unlawfully."  *Id.*

15         A complaint must also contain a "short and plain statement of the claim

16   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

17   standard "does not require detailed factual allegations, but it demands more than an

18   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at

19   678 (quoting *Twombly*, 550 U.S. at 555).  In assessing whether Rule 8(a)(2) has

20   been satisfied, a court must first identify the elements of the plaintiff's claim(s) and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

then determine whether those elements could be proven on the facts pled.  The

court should generally draw all reasonable inferences in the plaintiff's favor, *see*

*Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it

need not accept "naked assertions devoid of further factual enhancement."  *Iqbal*,

556 U.S. at 678 (internal quotations and citation omitted).

        In ruling upon a motion to dismiss, a court must accept all factual allegations

in the complaint as true and construe the pleadings in the light most favorable to

the party opposing the motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979,

988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by

matters properly subject to judicial notice or by exhibit.  *Id.*  The court may also

disregard conclusory allegations and arguments which are not supported by

reasonable deductions and inferences.  *Id.*

        The Ninth Circuit has repeatedly instructed district courts to "grant leave to

amend even if no request to amend the pleading was made, unless ... the pleading

could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is

generous—the court "should freely give leave when justice so requires."  Fed. R.

Civ. P. 15(a)(2).  In determining whether leave to amend is appropriate, a court

must consider the following five factors: bad faith, undue delay, prejudice to the

opposing party, futility of amendment, and whether the plaintiff has previously

1    amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995

2    (9th Cir. 2011).

3    **A. Res Judicata (Claim Preclusion)**

4        Res judicata, also known as claim preclusion, "refers to the preclusive effect

5    of judgments, including the relitigation of claims and issues that were litigated, or

6    might have been litigated, in a prior action."  *Loveridge v. Fred Meyer, Inc.*, 125

7    Wash.2d 759, 763 (1995) (quotation and citation omitted).  The purpose of the

8    doctrine is "to prevent piecemeal litigation and ensure the finality of judgments."

9    *Spokane Research & Def. Fund v. City of Spokane*, 155 Wash.2d 89, 99 (2005).  A

10    second action must be dismissed on res judicata grounds if it is "identical with the

11    first action in the following respects: (1) persons and parties; (2) cause of action;

12    (3) subject matter; and (4) the quality of the persons for or against whom the claim

13    is made."  *Id.*  The party asserting that an action is barred by res judicata bears the

14    burden of proving that each of these elements has been satisfied.  *Hisle v. Todd*

15    *Pac. Shipyards Corp.*, 151 Wash.2d 853, 865 (2004).

16        Res judicata applies not only to claims that were actually litigated and

17    decided in the prior proceedings, but also to "every point which properly belonged

18    to the subject of litigation, and which the parties, exercising reasonable diligence,

19    might have brought forward at the time."  *Hisle*, 151 Wash.2d at 865.  Thus, "a

20    matter may not be relitigated, or even litigated for the first time, if it *could* have

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

been raised, and in the exercise of reasonable diligence *should* have been raised, in

the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wash. App. 320, 329

(1997) (emphasis added).  There is no hard-and-fast rule for evaluating whether a

claim should have been raised in a prior proceeding.  *Id.* at 330.  Instead, a court

must "consider a variety of factors, including . . . whether the present and prior

proceedings arise out of the same facts, whether they involve substantially the

same evidence, and whether rights or interests established in the first proceeding

would be destroyed or impaired by completing the second proceeding."  *Id.*

> In general, one cannot say that a matter should have been litigated
> earlier if, for some reason, it could not have been litigated earlier;
> thus, res judicata will not operate if a necessary fact was not in
> existence at the time of the prior proceeding, or if evidence needed to
> establish a necessary fact would not have been admissible in the prior
> proceeding.  Similarly, one cannot say that a matter should have been
> litigated earlier if, even though it could have been litigated earlier,
> there were valid reasons for not asserting it earlier; thus, res judicata
> may not operate if the matter was an independent claim not required
> to be joined, or if the matter's omission from the prior proceeding
> actually benefitted, rather than vexed, the party now purporting to rely
> on res judicata.  Conversely, however . . . a matter should have been
> raised and decided earlier if it is merely an alternate theory of
> recovery, or an alternate remedy.

*Id.* at 330-31 (citations omitted).

In the instant motion, Defendants argue that res judicata bars Plaintiffs'

§ 1983 claim because it could and should have been litigated in the Superior Court

action.  ECF No. 12 at 4-5.  As an initial matter, there can be no dispute that this

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

1    claim *could* have been litigated in the prior action.  A side-by-side comparison of

2    the complaints filed in both cases reveals that Plaintiffs were aware of the facts

3    giving rise to the present claim when they filed for injunctive relief in state court.

4    Indeed, the facts alleged in both complaints are virtually identical.  *Compare* ECF

5    No. 1 *with* ECF No. 12-1.  Plaintiffs also knew that these facts could support a

6    § 1983 claim, as evidenced by the fact that they sought an injunction barring

7    further violations of their "constitutional rights to due process."  ECF No. 12-1

8    at 15.

9            Plaintiffs argue that, as a practical matter, they were too busy preparing their

10   claim for "emergency" injunctive relief to investigate and file a § 1983 claim.  ECF

11   No. 17 at 2.  This argument is unpersuasive.  The complaint for injunctive relief is

12   a detailed, sixteen page document that painstakingly recites the facts preceding the

13   termination of Plaintiffs' water service.  It does not appear to have been prepared

14   in haste.  Moreover, the compliant was not filed until more than a month after the

15   Plaintiffs' water was shut off.  While their circumstances must have been difficult,

16   it does not appear that Plaintiffs raced to the courthouse to have their water service

17   restored.  Finally, even if Plaintiffs *had* been too distracted to pursue a § 1983

18   claim initially, they presumably could have amended their complaint to include

19   such a claim after being granted temporary injunctive relief.  *See* Wash. Super. Ct.

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 11

1  Civ. R. 15(a).  In short, there is no reason why the instant claim could not have

2  been litigated in the prior action.

3        The question, then, is whether the claim *should* have been litigated in the

4  prior action.  The factors relevant to this analysis are (1) whether the present and

5  prior proceedings arise out of the same facts; (2) whether they involve substantially

6  the same evidence; and (3) whether the rights or interests established in the first

7  proceeding would be destroyed or impaired by completing this proceeding.  *Kelly-*

8  *Hansen*, 87 Wash. App. at 329.  The first two factors are easily satisfied.  As noted

9  above, the complaints filed in the present and prior actions allege virtually identical

10  facts; the only material difference is that Plaintiffs are now seeking damages under

11  § 1983 rather than injunctive relief.

12        The third factor is also satisfied, as a judgment in this case would likely

13  undermine the bargain the parties struck when they settled the prior case.  In order

14  to settle the prior case, Defendants agreed to install—at their own expense—a new

15  DCVA device in the location they had previously selected (at the bottom of the hill

16  downstream of the new meter).  ECF No. 12-2.  In other words, Defendants did

17  precisely what they had ordered Plaintiffs to do in the first place.  It seems doubtful

18  that Defendants would have agreed to this resolution had they known that Plaintiffs

19  would turn around and file a second lawsuit seeking monetary damages.  In view

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 12

1  of the foregoing, the Court finds that Defendants have satisfied the required

2  elements for claim preclusion.

3        Plaintiffs argue that even if they could and should have brought their § 1983

4  claim in the prior action, they were not required to do so under *Hayes v. City of*

5  *Seattle*, 76 Wash. App. 877 (1995), and *In re: Bankruptcy Estate of Hansen*, 81

6  Wash. App. 270 (1996).  According to Plaintiffs, *Hayes* and *Hansen* carve out an

7  exception to ordinary res judicata principles for § 1983 claims that could have been

8  litigated in a prior action when barring the claim in the second action would have

9  the effect of shortening the three-year statute of limitations.  ECF No. 17 at 9-15.

10  Because their prior claim for injunctive relief required a showing of "immediate

11  and irreparable harm," Plaintiffs argue, applying res judicata to the instant claim

12  "would be the equivalent of reducing the statute of limitations for a Section 1983

13  claim from 3 years to *immediate and irreparable harm*, a massive reduction that

14  *Hayes* and *Hansen* outright refused to enact."  ECF No. 17 at 15 (emphasis in

15  original).

16        In *Hayes*, the Washington Court of Appeals held that res judicata did not bar

17  a § 1983 claim that could have been litigated in a prior writ action challenging

18  conditions placed on a land use permit.  76 Wash. App. at 880.  Because the statute

19  of limitations on the plaintiff's writ claim was a mere 30 days, the appellate court

20  reasoned, applying res judicata would effectively shorten the statute of limitations

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 13

on the § 1983 claim from three years to 30 days.  *Id.*  In the court's view, such a

result was incompatible with federal precedent mandating a uniform limitations

period for § 1983 claims:

> The 3-year limitation period is required by the federal courts'
> determination that a uniform application of state law limitation
> periods for personal injury actions is best suited to the remedial
> purposes of Section 1983.  *Robinson*, 119 Wash.2d at 85 (citing
> *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)).  "The characterization
> of all § 1983 actions as involving claims for personal injuries
> minimizes the risk that the choice of a state statute of limitations
> would not fairly serve the federal interests vindicated by § 1983."
> *Wilson*, 471 U.S. at 279.  Under *Wilson* and *Robinson*, the short
> limitation period for actions for writs of review cannot impose itself,
> directly or indirectly, on the parallel federal cause of action.
> Consequently, a Section 1983 claim is not foreclosed under res
> judicata by a claimants' failure to join it with a state claim which must
> be brought within a shorter period.

*Id.* at 880-81.

In *Hansen*, another Washington Court of Appeals case, the court ruled that a

plaintiff's § 1983 claim alleging unlawful seizure of real and personal property was

not barred by the plaintiff's failure to assert the claim in an prior administrative

forfeiture proceeding.  81 Wash. App. at 282.  Because the plaintiff had only 90

days to respond to the allegations in the forfeiture proceeding, the appellate court

reasoned, applying res judicata to the § 1983 claim would have had the effect of

shortening the statute of limitations to 90 days.  *Id.*  Once again, the court found

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 14

this result incompatible with federal precedent requiring a uniform limitations period for § 1983 claims:

> We hold that under *Hayes*, *Robinson*, and *Wilson*, the short period following seizure and notice during which protesting parties are required to respond and seek a hearing cannot be imposed, directly or indirectly, on the parallel federal cause of action which may accrue by virtue of the seizure, under 42 U.S.C. § 1983. Consequently, a § 1983 claim is not foreclosed by reason of res judicata by a claimant's failure to raise it when responding to the in rem forfeiture proceeding.

*Id.*

Both *Hayes* and *Hansen* cite to the United States Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261 (1985)[5] for the proposition that state courts must apply a uniform statute of limitations to § 1983 claims. That reading of *Wilson* is correct, as far as it goes. *See* 471 U.S. at 275 (states must apply a uniform statute of limitations to § 1983 claims filed in their jurisdictions; courts may not look to the nature of individual § 1983 claims to determine which state law cause of action is "most analogous" for purposes of identifying a limitations period). But *Wilson* does not support the conclusion reached in *Hayes* and *Hansen* that the federal

---

[5] *Wilson* was superseded on grounds not relevant to the instant case by the Judicial Improvements Act of 1990, Pub. L. No. 101-650, Title III, § 313(a), 104 Stat. 5114, codified at 28 U.S.C. § 1658. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 379-80 (2004).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 15

interest in maintaining a uniform statute of limitations on § 1983 claims trumps

ordinary claim preclusion and issue preclusion rules.  Indeed, this conclusion is

effectively foreclosed by well-established federal precedent holding that § 1983

claims are, in fact, subject to claim preclusion and issue preclusion.  *See, e.g.*,

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984) ("Section

1983 . . . does not override state preclusion law and guarantee [a litigant] a right to

proceed to judgment in state court on her state claims and then turn to federal court

for her federal claims."); *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980) ("[T]he

legislative history of § 1983 does not in any clear way suggest that Congress

intended to repeal or restrict the traditional doctrines of preclusion"); *Holcombe v.*

*Hosmer*, 477 F.3d 1094, 1098 (9th Cir. 2007) ("Claims under 42 U.S.C. § 1983 are

subject to claim preclusion even if the litigants did not actually litigate the federal

claim in state court."); *Takahashi v. Bd. of Tr. of Livingston Union Sch. Dist.*, 783

F.2d 848, 850-51 (9th Cir. 1986) (adverse judgment in prior mandamus action

barred subsequent § 1983 claim); *Johnson v. City of Glencoe*, 722 F.2d 432, 433

(8th Cir. 1983) (per curiam) (Section 1983 claim barred by judgment granting

plaintiff injunctive relief in prior proceeding); *Miles Un-Ltd., Inc. v. Town of New*

*Shoreham*, 602 F. Supp. 238 (D. R.I. 1985) (claim for damages under § 1983

barred as a result of plaintiff's failure to raise the claim in prior action seeking

purely injunctive relief).  Since the Washington Court of Appeals appears to have

1  overlooked this line of dispositive authority, this Court must respectfully decline to

2  follow *Hayes* and *Hansen*.

3      Moreover, *Hayes* provides no precedential value.  While the Washington

4  Supreme Court affirmed the Court of Appeals, it did so without any reliance on its

5  reasoning.  *Hayes v. City of Seattle*, 131 Wash.2d 706 (1997) ("We affirm the

6  Court of Appeals, albeit for reasons that differ from those given by that court. . .").

7  In *Hayes*, the Washington Supreme Court held the statutory writ to review the City

8  Council's land use decision did not deal with the same subject matter as an action

9  for damages.  *Id*. at 713.  Recognizing prior precedent, the court held, "we have

10  previously held that writ actions cannot be used to decide damages issues and must

11  be brought separately."  *Id*. at 714.  Accordingly, Plaintiff's reliance on the

12  intermediate appellate decision in *Hayes* is wholly misplaced.

13      Furthermore, Plaintiff's citation to *Hansen* is equally misplaced because it

14  relies, in part, on *Hayes* before *Hayes* reasoning was rejected by the Washington

15  Supreme Court.[6]

16

17  [6] The Court also observes that the appellate court in *Hansen* was persuaded that a

18  party defending an in rem forfeiture action was not required to raise a civil rights

19  claim as a compulsory counterclaim, *Hansen*, at 282-83, making that case

20  distinguishable as well.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 17

In sum, this case presents a classic example of a plaintiff seeking a "second bite at the apple." The instant claim arises from the very same facts as Plaintiffs' prior claim for injunctive relief; the only difference between the two actions is that Plaintiffs are now invoking their rights under the federal Constitution rather than their rights in equity. The Plaintiffs could have—and should have—litigated this claim in the prior action. Thus, the claim is barred. *Hisle*, 151 Wash.2d at 865; *Kelly-Hansen*, 87 Wash. App. at 329. The fact that applying res judicata arguably has the effect of shortening the statute of limitations on the claim does not change the outcome. Section 1983 claims are subject to claim preclusion and issue preclusion just like any other claim, *see Migra*, 465 U.S. at 85; *Allen*, 449 U.S. at 103-04, and the holding to the contrary in *Hayes* and *Hansen* is based upon a misreading of federal precedent. Defendants' motion to dismiss is granted.

**B. Request for Attorney's Fees and Costs**

Defendants have requested an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. A court may award attorney's fees and costs to a prevailing defendant under § 1988 only if it finds that the claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (quotation and citation omitted). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.* at 14.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 18

Although this case presented a rather straightforward application of res

judicata, Plaintiffs made plausible arguments for an extension of the holdings in

*Hayes* and *Hansen*.  Thus, the Court cannot find that Plaintiffs' decision to oppose

the instant motion was frivolous, unreasonable or groundless.  The Court therefore

declines to award attorney's fees and costs.

**IT IS HEREBY ORDERED:**

1.  Plaintiffs' Motion for Oral Argument (ECF No. 19) and Motion to
    Expedite (ECF No. 20) are **DENIED**.

2.  Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED**.  This case
    is hereby **DISMISSED** with prejudice.  Defendants' request for an award
    of attorney's fees and costs under 42 U.S.C. § 1988 is **DENIED**.

The District Court Executive is hereby directed to enter this Order, enter

judgment for Defendants, provide copies to counsel, and **close** the file.

**DATED** April 9, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 19